**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EDINEZ GONCALVES NUNES,** | ) |
| | ) |
| | ) |
| | ) **Case No.: To be determined.** |
| *Petitioner,* | ) |
| | ) |
| v. | ) |
| | ) |
| PAMELA BONDI, *in his official capacity as* | ) |
| *Attorney General Of The United States;* | ) **PETITION FOR WRIT OF HABEAS** |
| | ) **CORPUS PURSUANT TO 28 U.S.C. §** |
| KRISTI NOEM, *in her official capacity as* | ) **2241** |
| *Secretary of the Department of Homeland* | ) |
| *Security;* | ) |
| | ) |
| PATRICIA HYDE, *Acting Field Office* | ) |
| *Director Enforcement & Removal Operations,* | ) |
| *U.S. Immigration and Customs Enforcement —* | ) |
| *Boston Field Office;* | ) |
| | ) |
| Warden, U.S. Immigration and Customs | ) |
| Enforcement, Boston Field Office, | ) |
| (Burlington-MA) | ) |
| | ) |
| | ) |
| *Respondents.* | ) |

## I. INTRODUCTION

1.      This is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the ongoing and unlawful detention of Edinez Goncalves Nunes, a noncitizen currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner has been continuously detained by ICE since June 2025, during which time she was held for many months in the State of Maine. Three days ago, ICE transferred Petitioner to Burlington,

Massachusetts, where she is presently confined at or under the authority of the ICE Boston Field Office.

2.      The Burlington location is not an immigration detention facility, but rather an ICE administrative field office. It lacks lawful authority, custodial housing infrastructure, detention staffing, and medical capacity to function as a place of civil immigration detention. Critically, there is no appropriate immigration detention facility for women in the Commonwealth of Massachusetts. As a result, ICE's decision to continue detaining Petitioner in Burlington—rather than releasing her or providing lawful detention conditions—renders her current custody ultra vires, arbitrary, and incompatible with the statutory limits governing civil immigration detention.

3.      Although Petitioner has been physically present in Burlington for only a matter of days, her detention there is unlawful from its inception. The legality of civil immigration detention turns not on its duration alone, but on whether the government possesses statutory authority to detain an individual in the manner and location chosen. Here, ICE lacks such authority. Where no lawful women's detention facility exists within the Commonwealth, ICE may not improvise detention by holding a detainee in an administrative office setting.

4.      Petitioner is married to a United States citizen, and a family-based immigrant visa petition (Form I-130) has been filed on her behalf and remains pending. Petitioner does not seek adjudication of that petition or review of any immigration relief in this action. This background is relevant only to underscore that Petitioner's detention is discretionary, not mandatory, and that she has substantial ties to the United States.

5.      This matter is particularly urgent because Petitioner suffers from serious and complex cardiovascular medical conditions that require medical stability, continuity of care, and

monitoring. After many months of detention in Maine, ICE transferred Petitioner to an administrative office environment that lacks appropriate medical resources and is not equipped to address her health needs. The stress of prolonged detention, combined with the disruption of medical continuity and the uncertainty surrounding further transfer, places Petitioner at a real, concrete, and imminent risk of severe medical harm or death. Any additional transfer would further exacerbate her condition and expose her to irreparable injury.

6.      Petitioner is not subject to mandatory detention. At most, her custody is governed by INA § 236(a), 8 U.S.C. § 1226(a), which authorizes discretionary civil detention subject to strict statutory and constitutional limits. That statute does not permit detention in non-detention administrative facilities, does not authorize detention divorced from lawful custodial infrastructure, and does not allow continued restraint of liberty where detention cannot be carried out in a lawful manner—particularly in the face of serious medical vulnerability.

7.      Despite these constraints, the Department of Homeland Security ("DHS") continues to detain Petitioner without a lawful and meaningful custody process sufficient to justify her continued detention under § 1226(a) and in disregard of her known medical conditions. This conduct exceeds DHS's statutory authority, violates the Immigration and Nationality Act, and contravenes the Due Process Clause of the Fifth Amendment, resulting in immediate and ongoing harm.

8.      Petitioner does not seek review of the merits of removal proceedings or any final order of removal. She challenges only the lawfulness of her present detention, including ICE's lack of statutory authority to detain her in Burlington, Massachusetts and the continuation of

custody under conditions that endanger her health and violate governing law. These claims fall squarely within the core of habeas corpus review.

9.      Given the prolonged nature of Petitioner's detention, the unlawfulness of her current custodial placement, and the imminent threat to her health and life, Petitioner respectfully requests that this Court issue an emergency writ of habeas corpus ordering her immediate release. In the alternative, Petitioner seeks the issuance of a Temporary Restraining Order prohibiting transfer and requiring Respondents, within twenty-four (24) hours, to provide a custody proceeding consistent with governing First Circuit law, at which the government bears the burden of justifying any continued detention by clear and convincing evidence, with explicit consideration of Petitioner's medical condition and the illegality of her custodial placement.

## II. JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to **28 U.S.C. § 2241**, which authorizes federal district courts to grant writs of habeas corpus to persons held in custody in violation of the Constitution or laws of the United States. Petitioner is currently restrained of her liberty by federal officers acting under color of federal authority, and she challenges the legality of her **present detention**, including the location, conditions, and statutory basis for her custody.

11.      Jurisdiction is proper because Petitioner **is currently confined within the District of Massachusetts**, at or under the authority of the **ICE Boston Field Office in Burlington, Massachusetts**, and her **immediate custodian**—the ICE official exercising day-to-day control over her custody—operates within this District. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

12.    Venue is proper in this District pursuant to **28 U.S.C. §§ 2241(a) and 1391(e)** because Petitioner is detained within this District and because the federal officers responsible for her custody perform their official duties within the District of Massachusetts.

13.    Petitioner does not seek review of any final order of removal or the merits of removal proceedings. She challenges only the **lawfulness of her present detention**, including the government's continued custody of her in a non-detention administrative facility, without lawful detention authority and in violation of governing statutory and constitutional limits. Accordingly, this Court's jurisdiction is not barred by **8 U.S.C. § 1252(b)(9)** or any other jurisdiction-channeling provision of the Immigration and Nationality Act. See *Aguilar v. U.S. Immigration & Customs Enforcement*, 510 F.3d 1, 11–12 (1st Cir. 2007).

### III. PARTIES

14.    Petitioner, Edinez Goncalves Nunes, is a native and citizen of Brazil who is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") under the authority of the ICE Boston Field Office located in Burlington, Massachusetts, within the jurisdiction of the United States District Court for the District of Massachusetts. The Burlington location is not an immigration detention facility, but rather an ICE administrative field office, where Petitioner has nonetheless remained in ICE custody for a prolonged period.

15.    Respondent Pamela Bondi, in her official capacity as Attorney General of the United States, is the chief legal officer of the federal government and is responsible for the overall enforcement of the immigration laws of the United States.

16.    Respondent Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), oversees the Department and is charged with the administration

and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of noncitizens.

17.    Respondent Patricia Hyde, in her official capacity as Acting Field Office Director, Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement Boston Field Office, exercises supervisory authority over the custody, detention decisions, and transfer of noncitizens within the Boston Field Office jurisdiction, including Petitioner.

18.    Respondent Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office (Burlington, Massachusetts), is Petitioner's immediate custodian, exercising day-to-day control over the location, conditions, and continuation of her custody. Accordingly, this Respondent is a proper party to this habeas corpus proceeding.

## V. LEGAL ARGUMENT

**A. ICE Lacks Statutory Authority to Detain Petitioner in Burlington, Massachusetts, Because No Lawful Immigration Detention Facility for Women Exists in the Commonwealth**

19.    Civil immigration detention is a **creature of statute**. The Executive Branch may detain a noncitizen **only** to the extent Congress has expressly authorized detention and **only** in a manner consistent with the non-punitive purposes of the Immigration and Nationality Act. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). When detention exceeds those limits—either in **location**, **manner**, or **conditions**—it becomes **ultra vires** and unlawful.

20.    Petitioner is currently confined at or under the authority of the **ICE Boston Field Office in Burlington, Massachusetts**, an **administrative ICE office**, not a designated

immigration detention facility. The Burlington location lacks custodial housing infrastructure, detention staffing, medical facilities, and legal designation to function as a place of prolonged civil detention. ICE does not dispute that Burlington is an administrative field office, nor that it is not approved or equipped to serve as a detention facility.

21.     Critically, there is **no appropriate immigration detention facility for women in the Commonwealth of Massachusetts**. ICE itself has long acknowledged this reality by routinely transferring women detained in Massachusetts to facilities in **Maine or out of state**. That practice underscores the legal defect here: **Massachusetts lacks the facilities necessary to lawfully detain female immigration detainees**. ICE's inability to house Petitioner in a lawful detention facility within the Commonwealth does not expand its statutory authority; it constrains it.

22.     Detention under **INA § 236(a), 8 U.S.C. § 1226(a)** is discretionary and limited. Nothing in the statute authorizes ICE to detain individuals in **non-detention administrative offices** when no lawful detention facility exists. Nor does the statute permit ICE to maintain custody by improvising detention arrangements that lack basic custodial and medical infrastructure. When the government lacks a lawful place to detain a person consistent with statutory requirements, **continued detention is not an option**.

23.     Courts within this District have already recognized this precise defect. In materially indistinguishable circumstances—where a woman was transferred from Maine to Burlington, Massachusetts and held under ICE authority despite the absence of a lawful women's detention facility—this Court ordered **immediate release**, expressly relying on "the absence of an appropriate immigration-detention facility for women in Massachusetts." The Court further

prohibited the government from attempting to cure the defect through reclassification of detention authority or retaliatory transfer and required any subsequent custody proceedings to proceed exclusively under **§ 1226(a)**.

24.    That reasoning applies with full force here. ICE cannot lawfully detain Petitioner in Burlington because Burlington is **not** a detention facility. ICE cannot lawfully detain Petitioner elsewhere in Massachusetts because **no appropriate women's facility exists**. And ICE may not solve that problem by subjecting Petitioner to repeated transfers that undermine statutory limits, due process, and judicial review. Where detention cannot be carried out lawfully, **release is required**.

25.    This conclusion follows from first principles of administrative law. An agency may not act beyond the bounds of its statutory authority simply because compliance is inconvenient or administratively burdensome. See *Michigan v. EPA*, 576 U.S. 743, 752 (2015) (agencies may not "tailor legislation to bureaucratic policy goals"). ICE's lack of appropriate detention infrastructure for women in Massachusetts is a problem of the government's own making and cannot justify continued unlawful detention.

26.    Accordingly, ICE's continued custody of Petitioner in Burlington, Massachusetts exceeds its statutory authority under **INA § 236(a)** and violates the fundamental requirement that civil detention be lawful in both **authorization and execution**. Because the government lacks authority to detain Petitioner in any lawful facility within the Commonwealth, the only remedy consistent with the statute is **immediate release**.

**B. Continued Detention Violates the Fifth Amendment Due Process Clause**

27.    Civil immigration detention is permissible only so long as it remains **non-punitive**, **reasonable**, and **tethered to legitimate governmental purposes**. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Even where detention is authorized in theory, it violates due process when it becomes **arbitrary in operation** or **indifferent to serious medical vulnerability**.

28.    Petitioner's continued detention in Burlington, Massachusetts fails these constitutional requirements. She is being held at or under the authority of an **administrative ICE field office**, not a detention facility designed or equipped to house detainees or provide adequate medical care. Detention under such conditions bears no reasonable relationship to the purposes of civil immigration detention and instead assumes a **punitive character** prohibited by the Fifth Amendment.

29.    The due process violation is particularly acute given Petitioner's **serious cardiovascular medical conditions**, which require medical stability and continuity of care. Detention in a non-medical, non-custodial administrative setting—combined with the stress inherent in confinement and the risk of further transfer—creates a **substantial and imminent risk of serious medical harm**. The Constitution does not permit the government to continue civil detention under conditions that unnecessarily endanger an individual's health.

30.    Moreover, due process requires that civil detention be accompanied by **procedural protections adequate to justify the continued deprivation of liberty**. Where, as here, the government lacks a lawful detention setting and continues custody despite known medical risks, continued detention becomes **arbitrary** and constitutionally impermissible.

31.    Accordingly, even if statutory authority were assumed—which it is not—Petitioner's continued detention under these circumstances violates the **Due Process Clause of the Fifth Amendment** and independently warrants habeas relief.

**C. The Proper Remedy Is Immediate Release, With Any Further Custody Proceedings Strictly Limited to INA § 236(a)**

32.    Where immigration detention exceeds statutory authority or violates the Due Process Clause, the appropriate remedy in habeas is **immediate release from custody**. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Courts are not required to tolerate continued detention while the government attempts to cure a fundamental legal defect through delay, transfer, or recharacterization of detention authority.

33.    Although no statute imposes a rigid temporal limit on pre-final-order detention under **INA § 236(a)**, the Supreme Court has made clear that civil immigration detention must remain **brief and reasonably related to its non-punitive purposes**. *Demore v. Kim*, 538 U.S. 510, 529–30 (2003). Courts have repeatedly recognized that detention extending **well beyond six months** raises serious constitutional concerns, particularly where, as here, detention is discretionary and accompanied by **severe medical vulnerability**. Petitioner has now been detained **since June 2025**, far exceeding the period the Supreme Court has described as "brief," further underscoring the arbitrary and unconstitutional nature of her continued confinement.

34.    Here, ICE lacks statutory authority to detain Petitioner in Burlington, Massachusetts, because no lawful immigration detention facility for women exists in the Commonwealth and because the Burlington ICE field office is not a detention facility. Continued

detention under these circumstances is ultra vires and unlawful. The proper remedy is therefore **immediate release**.

35.     If the government elects to pursue further custody proceedings following release, any such proceedings must proceed **exclusively under INA § 236(a), 8 U.S.C. § 1226(a)**. The government may not invoke INA § 1225, nor may Petitioner be ordered detained pursuant to that provision. At any custody redetermination, the **burden of proof rests with the government** to justify continued detention by **clear and convincing evidence**, consistent with governing First Circuit precedent.

36.     To preserve this Court's jurisdiction and prevent evasion of judicial review, the Court should further prohibit any **retaliatory or jurisdiction-altering transfer** based on the filing of this Petition. Courts retain inherent authority to prevent transfers that would undermine habeas review or expose medically vulnerable detainees to irreparable harm.

37.     Accordingly, the Court should order Petitioner's **immediate release**, without prejudice to the government's ability to seek a bond hearing consistent with the limitations set forth above, and require Respondents to report promptly on the status of any such proceedings.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner **Edinez Goncalves Nunes** respectfully requests that this Court grant the following relief:

1. **Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Petitioner's immediate release from ICE custody**, on the ground that Respondents lack statutory

authority to detain her in Burlington, Massachusetts and that her continued detention is unlawful;

2. **Declare that Petitioner's continued detention in Burlington, Massachusetts—an administrative ICE field office and not a designated immigration detention facility—exceeds Respondents' statutory authority under INA § 236(a) and violates the Due Process Clause of the Fifth Amendment**;

3. **Order that Petitioner be released immediately**, without prejudice to Respondents' ability to seek a custody redetermination before an Immigration Judge, provided that any such proceeding proceeds **exclusively under INA § 236(a), 8 U.S.C. § 1226(a)**, does **not** rely on or invoke **INA § 1225**, and places the **burden of proof on the government** to justify any continued detention by **clear and convincing evidence**, consistent with governing First Circuit precedent;

4. **Order Respondents to file a status report** within a time set by the Court advising whether they intend to seek a custody redetermination hearing and reporting the status of any such proceedings; and

5. **Grant such other and further relief as the Court deems just and proper**.

Respectfully submitted this 26th of January, 2026.

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Edinez Goncalves Nunes, and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge and belief, based on information obtained from Petitioner, publicly available government records, and counsel's own investigation.

Respectfully submitted this 26th day of January, 2025.


Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this date, I filed the foregoing Petition for Writ of Habeas Corpus and all accompanying attachments using the CM/ECF electronic filing system, which automatically serves all registered counsel of record. In addition, I will mail a copy of the same by U.S. Postal Service Certified Mail, Priority with Return Receipt Requested, to the following:

**Pamela Bondi, Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Kristi Noem, Secretary of the Department of Homeland Security**
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

**Patricia Hyde**
Acting Field Office Director, Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement – Boston Field Office
1000 District Avenue
Burlington, MA 01803

**Warden**
U.S. Immigration and Customs Enforcement
Boston Field Office Detention Facility
[Burlington, Massachusetts]

Respectfully submitted this 26th of January, 2026,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777